IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUTO DEALERS RISK RETENTION GROUP, INC., | |
| Plaintiff, | 2:07-cv-02660-FCD-KJM |
| v. | ORDER |
| STEVE POIZNER, in his capacity as the Commissioner of Insurance of the State of California, | |
| Defendant. | |

On December 13, 2007, Plaintiff filed an Ex Parte Application for a Temporary Restraining Order ("Application"). A Minute Order issued on December 13, 2007, scheduling the Application for hearing on December 14, 2007. Defendant filed his opposition just before the hearing on December 14, 2007.[1]

On December 4, 2007 Defendant issued a Cease and Desist Order to Plaintiff because it had "not established that it is licensed exclusively as a liability insurance company in a state of the United States," and the policies respondent proposes to write "are not

---

[1] Since Plaintiff waited until the eleventh hour to file the Application, Defendant was not given much time to respond.

1

liability insurance as authorized in the Federal Liability Risk Retention Act of 1986 ("FLRRA" or "ACT")."  (Sweet Decl. Exh. H at 3.)  The cease and Desist Order ordered Defendant "to immediately [cease and desist] the transaction of insurance in the State of California, including the solicitation, marketing, sale and issuance of any new or renewal stop-loss insurance contracts and/or any other type of insurance contracts in California [and] within ten days of receiving this Order [by December 17, 2007] notify all of its current California auto members that any purported policy of stop-loss coverage issued by Respondent at any time in the past is null and void and immediately cancelled."  Id. at 4 ¶¶ 19, 20.)

Plaintiff argues that a temporary restraining order ("TRO") must issue to immediately stay the enforcement of the Cease and Desist order because it provides "too short a period for insureds to obtain substitute coverage" and may put Defendant out of business.  (Application at 1-2.)

"[A] court may issue a [TRO] if the moving party demonstrates either a combination of probable success on the merits and the possibility of irreparable injury or that serious questions are raised and the balance of hardships tips sharply in his favor."  Global Horizons, Inc. v. United States Department of Labor, __F.3d__, 2007 WL 4336186.  Serious questions are raised as to whether the Act authorizes the type of policy offered by Defendant, and the balance of hardships tips in the favor of Plaintiff and its insured as to the need for Plaintiff's existing policies not being immediately canceled.  Accordingly, the Defendant is temporarily enjoined from enforcing the portion of its cease and desist order that holds otherwise.

1  A hearing on the preliminary injunction is set for January
2  3, 2008. Defendant shall file his Opposition on December 26, 2007 by
3  4:00 p.m. and Plaintiff's Reply if any shall be filed no later than
4  4:00 p.m. December 28, 2007.

6  IT IS SO ORDERED.

7  Dated: December 14, 2007

_____
GARLAND E. BURRELL, JR.
United States District Judge